IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMANDA SIMPSON,                      )<br>                                      )<br>     Plaintiff,                      )<br>                                      )<br>     v.                              )<br>                                      )<br>WHITNEY BARRETT, in her               )<br>individual capacity;                  )<br>et al.,                              )<br>                                      )<br>     Defendants.                      ) | CIVIL ACTION NO.<br>   2:25cv869-MHT<br>         (WO) |

### ORDER

This case is before the court on plaintiff Amanda Simpson's motion for an extension of time to complete service of process. Simpson asks the court to grant her a 60-day extension of time in which to serve defendants Whitney Barrett and David Salum. For the reasons below, the court will grant the motion.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant

>  or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

Simpson filed this case on October 30, 2025, naming three defendants. Summons were issued for the three defendants on November 17, 2025. The 90-day limit for service of process was on January 28, 2026, and Simpson successfully served one of the three defendants prior to that date. On January 27, 2026, Simpson filed the pending request for an extension of time to serve the two remaining defendants.

Simpson represents that she has attempted service on defendant Salum five times at various likely residences and on defendant Barrett three times at her likely residence. She submitted affidavits of nonservice (Doc. 13-1) from professional process servers attesting to their multiple efforts to serve each of the unserved defendants. The affidavits show

2

that starting in November 2025, process servers tried to serve Salum on five different dates at three different addresses without success, and tried to serve Barrett at a home address on three different dates at different times without success.  Simpson asserts, based on information and belief, that these two defendants are intentionally avoiding service.

While the court does not have sufficient facts on the current record to determine that the unserved defendants have been avoiding service, the court finds good cause to extend the time for service of process for 60 days.  Simpson has made reasonable efforts to effect service but has not been successful despite these efforts.  She hired professional process servers who attempted service repeatedly without success.

Even without good cause, the court would exercise its discretion to extend the time to effect service given the apparent difficulty of serving both defendants.  *See Horenkamp v. Van Winkle And Co.*, 402

3

F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.").

***

Accordingly, it is ORDERED that:

(1) Plaintiff Amanda Simpson's motion for an extension of time to complete service of process (Doc. 13) is granted.

(2) Plaintiff Simpson shall have until March 28, 2026, in which to perfect service of process upon defendants Whitney Barrett and David Salum.

DONE, this the 26th day of February, 2026.

                                           /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE